## Case No. 869.

BANK OF COLUMBIA v. HYATT et al.

[4 Cranch, C. C. 38.] [1]

Circuit Court, District of Columbia. May Term, 1830.

LIMITATION OF ACTIONS—PLEADING—ASSUMPSIT—JOINT DEFENDANTS — CONTINUANCE — AMENDMENT

1. The defendant will not be permitted to plead the statute of limitations after the expiration of the rule to plead.

2. If one, only, of two joint defendants, be taken, who pleads non assumpsit, and issue be joined thereon, and the defendant taken offers ready for trial, at the trial term, the plaintiff has not a right to continue the cause until the other defendant be taken, but must amend his declaration by suggesting or averring that the other defendant is not yet taken; and upon such amendment the defendant may have leave to plead de novo.

At law. Assumpsit [by Bank of Columbia] against [Alpheus J.] Hyatt and D. Wilson upon their joint indorsement, in the name of the firm, of Harding's note for $172.50. Hyatt only having been taken, pleaded non assumpsit and the statute of limitations on the 4th of December, 1828, the rule to plead having expired on the first Monday of November, 1828.

Mr. Lear, for the plaintiffs, moved the court to reject the plea of limitations because it was too late.

THE COURT (THRUSTON, Circuit Judge, absent) rejected the plea.

The defendant then pleaded non assumpsit,

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

upon which issue was joined, and offered himself ready for trial.

The declaration was joint, and contained no suggestion that one of the defendants had not been taken.

Mr. Lear declined making the suggestion, and contended that he had a right to continue the cause until the other defendant should be taken, and moved for a continuance on that ground.

But THE COURT refused, and intimated that the plaintiffs were bound now to amend their declaration by adding the suggestion, or to become nonsuit; and that, if the declaration be now so amended, the defendant taken might have leave to plead de novo.

The plaintiffs then had leave to amend their declaration, and the defendant to plead de novo, who thereupon pleaded the statute of limitations; and the plaintiffs, at the next term, entered a non-pros. See Tidd, Pr. 326, 327; Barnes, Notes Cas. 396, 401; Tidd, 125, 362.